UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

United States of America

      v.                                                                                                                No. 2:15-mj-12-jmc-1

Raymond Roy Savard, Sr.

## REPORT AND RECOMMENDATION
## AND ORDER

The Court must determine whether Defendant Raymond Roy Savard, Sr. is competent to stand trial.[1] For the following reasons, I recommend that Savard be found not competent to stand trial and that he be committed to the custody of the Attorney General for treatment in a "suitable facility" under 18 U.S.C. § 4241(d).

## Background

On January 26, 2015, the government filed a Criminal Complaint against Savard charging him with forcibly assaulting, resisting, impeding, intimidating, and interfering with a person designated in 18 U.S.C. § 1114 while such person was engaged in the performance of official duties, and with using a deadly and dangerous weapon in the course of that conduct, in violation of 18 U.S.C. §§ 111(a), (b). (Doc. 1.) At Savard's Initial Appearance, the Court appointed the Federal Public Defender to represent him,

---

[1] Because determination of the competency of a criminal defendant may be a dispositive issue, the prudent course is to proceed with a Report and Recommendation. *See United States v. Carr*, Criminal No. 12-62-GFVT, 2014 WL 243165, at *1 n.1 (E.D. Ky. Jan. 22, 2014); *United States v. Nunez*, No. 00-CR-199S, 2013 WL 1773627, at *1 n.1 (W.D.N.Y. Mar. 8, 2013).

and granted the government's unopposed Motion for Detention (Doc. 2).  (*See* Doc. 4.)
The Court accordingly entered an Order of Detention.  (Doc. 5.)

On January 30, 2015, Savard filed an unopposed Motion to Determine Mental Competency under 18 U.S.C. § 4241(a).  (Doc. 6.)  Therein, defense counsel indicated that Savard "has been unable to knowingly and intelligently speak with his attorney regarding the charges against him," and that Savard "appears to be disoriented and is unable to focus on information being provided to him."  (*Id.* at 1.)  In an Order dated February 2, 2015, the Court granted Savard's Motion, finding that "there exists reasonable cause to believe that [Savard] may presently be suffering from mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense."  (Doc. 8 at 1–2.)  The Court ordered an evaluation to determine Savard's mental competency to stand trial or assist in his own defense, and indicated that it would hold a competency hearing "at the first available opportunity" after the evaluation was prepared.  (*Id.* at 2.)

On May 5, 2015, the Court received and filed under seal the 13-page Forensic Report of Forensic Psychologist Chad Tillbrook, Ph.D., dated April 16, 2015.[2]  In the report, Dr. Tillbrook concludes that Savard's "current psychiatric symptoms directly compromise his ability to advance with his legal proceedings at this time," and that Savard "would not be able to meaningfully assist his attorney."  (Doc. 11 at 11.)  On May

---

[2] The analysis below recites details of the report sufficient to explain the recommendation that Savard be found not competent, but no more than necessary in light of the sensitive nature of the report.

2

15, 2015, the Court held a status conference which was attended by defense counsel and counsel for the government, and advised that it intended to schedule a competency hearing with Savard present as soon as practicable. Later that day, counsel for Savard filed a letter stating as follows:

> Both parties have reviewed the Forensic Report submitted by Forensic Psychologist Chad Tillbrook, Ph.D., dated April 16, 2015 ("the Forensic Report") and adopt its findings regarding Mr. Savard's mental health. *Both parties stipulate that a Competency Hearing, as described in 18 U.S.C. §§ 4241(c), 4247(d), is not necessary* as the Forensic Report establishes by a preponderance of the evidence that Mr. Savard is presently suffering from a mental disease or defect which renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(Doc. 15 at 1 (emphasis added).)

## Analysis

### I. Legal Standards

"Due process prohibits the criminal prosecution of a defendant who is not competent to stand trial." *United States v. Kerr*, 752 F.3d 206, 215 (2d Cir. 2014) (internal quotation marks omitted). The standard for determining whether a defendant is competent to stand trial is well settled: "[t]he defendant must have (1) 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and (2) 'a rational as well as factual understanding of the proceedings against him.'" *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (quoting *Duskey v. United States*, 362 U.S. 402, 402 (1960) (per curiam)). Under 18 U.S.C. § 4241, the district court is required, upon its own motion if necessary, "to hold a competency hearing 'if there is reasonable cause to believe that the defendant may presently be suffering from a mental

3

disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.'" *Kerr*, 752 F.3d at 215 (quoting 18 U.S.C. § 4241(a)). "The existence of 'reasonable cause' is a highly particularized assessment," and is informed by consideration of several factors, including psychiatric reports assessing the defendant's competence and the court's own observations of the defendant's demeanor during the proceeding. *Id.* at 216.

## II.     The Court should find that Savard is not competent to stand trial.

Dr. Tillbrook's comprehensive Report details the evaluation that he conducted of Savard between February 27 and March 30, 2015. Notably, the Report states that Savard "was not able to convey coherently that he understood the nature of the evaluation," and that "it was not possible to get a reliable or coherent psychosocial history from [Savard]" due to the "acuity of [Savard's] psychiatric symptoms." (Doc. 11 at 2.) The Report further states that Savard "was unable to answer questions directly" during his intake interview with psychology staff, and that this was "a direct result of his mental health symptoms rather than [his] lack of cooperation." (*Id.* at 6 (internal quotation marks omitted).) The Report explains that, "[d]ue to [Savard's] disruptive, intrusive, and provocative behavior" (*id.*), he remained housed on a segregated mental health unit throughout the evaluation period (*id.* at 7). Numerous specific instances of Savard's disruptive and erratic behavior during the evaluation period are described in the Report. (*See id.* at 6–8.)

Dr. Tillbrook's Report states that Savard refused to participate in any psychological testing, but finds that Savard's "pronounced thought disorganization would have rendered any testing results to be of questionable validity" anyway. (*Id.* at 9.) Dr. Tillbrook's Primary Diagnosis is Schizoaffective Disorder, Bipolar Type, based on the following symptoms exhibited by Savard during the evaluation period: disorganized thinking; persecutory delusions; auditory hallucinations; loud, rapid, and pressured speech; affect dysregulation; excessive energy; and behavior agitation. (*Id.*)

Regarding Savard's prognosis, Dr. Tillbrook notes that his treating providers stated that, even during prolonged periods of taking his medication (e.g., during inpatient hospitalizations), Savard's "best psychiatric functioning (baseline), shows signs of mania, is paranoid, somewhat delusional, and is predominantly irritable." (Doc. 11 at 12 (internal quotation marks omitted).) "Due to the nature and severity of his mental illness and outright refusal to take any medications now, Mr. Savard's mental status and functioning will remain severely compromised." (*Id.*) As noted above, Dr. Tillbrook concludes that Savard's "current psychiatric symptoms directly compromise his ability to advance with his legal proceedings at this time," and that Savard "would not be able to meaningfully assist his attorney." (Doc. 11 at 11.) Dr. Tillbrook also notes that, in Savard's "current mental state," he is "apt to be very disruptive during his legal proceedings, be unable to follow his defense attorney's advice (e.g., to refrain from speaking), and run the risk of making statements that may not be in his best interest." (*Id.* at 12.) However, Dr. Tillbrook also opines that, if Savard were provided with "a

5

sustained period of treatment with psychotropic medications, Mr. Savard's symptoms would likely remit sufficiently so as to permit his legal case to proceed." (*Id.* at 12–13.)

I recommend that the Court adopt Dr. Tillbrook's conclusions as the findings of the Court. Furthermore, based on these findings, the stipulation of the parties, the representations of defense counsel in the Motion to Determine Mental Competency, and the Court's prior observations of Savard, I recommend that Savard be found not competent to stand trial.[3]

## Conclusion

For these reasons, I recommend that Savard be found NOT COMPETENT to stand trial. I further recommend that Savard be committed to the custody of the Attorney General for treatment in a suitable facility "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1).

In addition, I hereby ORDER as follows:

1. The Clerk shall cancel the competency hearing previously noticed for May 21, 2015.

---

[3] Although 18 U.S.C. § 4241(a) implies that a court shall conduct a formal competency hearing before finding a defendant incompetent, it appears the hearing may be waived by agreement of counsel. *See, e.g.*, *United States v. Raymond*, No. 8:14-CR-0461 (GTS), 2015 WL 1851223, at *3–5 (N.D.N.Y. Apr. 22, 2015) (where defense attorney sought to waive competency hearing and government did not object, court found defendant not competent to stand trial, given psychological report findings that: defendant could not assist in his defense, did not understand the nature of the proceedings, and was incapable of maintaining proper courtroom behavior).

    2.       Due to the sensitive nature of information contained therein, Dr. Tillbrook's Report shall remain under seal.

    3.       All time associated with the competency examination and treatment is excluded for purposes of any Speedy Trial Act computation in this matter, pursuant to 18 U.S.C. §§ 3161(h)(1)(A) and (h)(4).

Finally, in order to expedite the resolution of this matter and the commencement of treatment for Savard, if there are no objections to this Report and Recommendation, each party is requested to promptly file letters with the Court so indicating.

Dated at Burlington, in the District of Vermont, this 19th day of May, 2015.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).